R. D. PITARD HARDWARD CO., INC. . NO. 8,450

versus . COURT OF APPEAL

JOSEPH LEE RHODES . PARISH OF ORLEANS

--------------------------------------8450

WILLIAM A. BELL, JUDGE

Court of Appeal.
PARISH OF ORLEANS
FILED 13/22
Stansbury

BY: WILLIAM A. BELL, JUDGE.

Plaintiff brings this suit against defendant, claiming the sum of $274.82 for goods and merchandise sold and delivered defendant from March 31, 1920, to April 30, 1920, all as per the itemized account which is annexed to the petition. An attested account was duly served on defendant and on December 16, 1920, same was duly recorded in the Mortgage Office in B. 1249, F. 399, for the purpose of preserving the lien and privilege of plaintiff on buildings bearing the municipal Nos. 4615-19 S. Claiborne Street, in Square Cadiz, Valence (or Upperline) and Derbigny Streets.

There are two defenses found in the answer filed herein. The first is to the effect that defendant is not the owner of the above property and improvements against which the material man's lien has been duly recorded. This contention is not borne out by the evidence in the record, and seems to have been abandoned in both argument and brief for defendant.

The second defense is one of payment in full, of the amount sued upon, and is in fact, the sole plea upon which defendant relies. As to this, the burden of proof lies wholly upon defendant, who admits the purchase, delivery and price of the goods or materials set forth in the attested account made part of plaintiff's petition.

It is contended that the obligation has been extinguished by imputations of payments as provided by Civil Code, Art. 2166; that said payments, several in amounts and largely exceeding the sum sued upon should have been credited or imputed to the items involved in plaintiff's claim, all of which are alleged as debts which have been longest due and therefore ones which the defendant by his several payments had most interest in discharging.

The testimony of both plaintiff and defendant as found in the record as well as the documentary evidence carefully considered by us, does not support the plea of payment by imputation. It clearly appears that between March 31, 1920, (even prior thereto) and April 30, 1920, the last sale-date

of the attested account, defendant was engaged in building for other owners, (among them Peter Jung) various houses located in other parts of New Orleans than the house owned by defendant and to which were delivered the goods as per items sued upon. All purchases made by defendant were charged to him in one general account. Though never troubled as to the credits to which defendant was entitled in the account presently sued upon, and which related to his own property, 4615-19 S. Claiborne Street, it was agreed, however, that certain other payments, aggregating $3450.03, should, under a written agreement between plaintiff and defendant, as shown by copy of affidavit filed in this record, be imputed entirely to what was known as the "Peter Jung" job.

The balance due on the general account amounted, on March 31, 1920, to $327.47, and thereafter all of the materials shown on the loose-ledger sheet, to have been delivered at various dates to the Claiborne Street property up to April 30, 1920, aggregate $274.82, the amount herein claimed. There are innumerable other items of goods appearing on the above sheet which were purchased by defendant between the dates just stated, but there is no evidence or testimony that they were delivered for account of the Claiborne Street job.

We now pass to the consideration or examination of the several credit payments appearing on the ledger sheet, between the aforesaid dates, as well as of several payments made by defendant subsequent to October 8, 1920, and before December 16, 1920, the date of recordation of the attested account sued upon.

Though specially challenged at the trial of this case as to whether it had been specially agreed between these litigants that all purchases after October 8, 1920 were to receive weekly settlement as contracted, defendant was forced, though reluctantly, to admit this fact. The evidence is conclusive that the payments or credits shown on the ledger account, as well as on the special accounts appearing in the record, were either in relation to other property than the Claiborne Street property, or were payments made in conformity with the aforesaid agreement, which agreement precluded all possibility of imputation herein contended for by the defendant. There is no error whatever in the findings of the

58

trial court.

Judgment Affirmed.

February / 3, 1922.